UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:26-cv-60953-LEIBOWITZ

NELSON MATOS ORTA,

     *Petitioner,*

v.

FIELD OFFICE DIRECTOR, *et al.,*

     *Respondents.*

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (the "Petition") [ECF No. 1], filed on April 4, 2026. Petitioner is currently being detained by Respondents at Broward Transitional Center ("BTC") in Florida. [*Id.* ¶ 9]. Before addressing the merits of the Petition, the Court must determine whether it may properly exercise jurisdiction over this action and whether Respondents are properly named as parties.

It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition. *See Campbell v. Wolf*, No. 20-cv-20768, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court. *Id.* "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process." *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

There are several named Respondents in this case. Although Petitioner alleges he is being

detained at the BTC facility in the Southern District of Florida [ECF No. 1 ¶ 8], he failed to specify the Field Office Director of BTC or whether Respondents are his "immediate custodians." [*See generally id.*].  This is, however, not fatal to the Petition.  As stated by many respected judges of this Court, "courts may *sua sponte* order substitution for the proper respondent, as denial of a habeas petition for failure to name the proper respondent would give an unreasonably narrow reading to the habeas corpus statute."  *Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-cv-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025) (Altman, J.) (cleaned up) (citing *Mayorga v. Meade*, No. 24-cv-22131, 2024 WL 4298815, at *3 (S.D. Fla. Sept. 26, 2024) (Bloom, J.) (quoting *Jackson v. Chatman*, 589 F. App'x 490, n.1 (11th Cir. 2014))).  Accordingly, the Court has jurisdiction over the Petition, but **SUBSTITUTES** Respondent Field Office Director for the proper respondent, Juan Gonzalez, Assistant Field Office Director at BTC.  Accordingly, the Court has jurisdiction over the Petition and Juan Gonzalez is the proper respondent.

However, all other Respondents, including U.S. Immigration and Customs Enforcement, are not the "immediate custodians" of Petitioner.  They are only supervisory officials.  Therefore, they must be dismissed from the case.  *See Campbell*, 2020 WL 2109933, at *1; *see also Jarrett v. U.S. Att'y Gen.*, No. 23-20790-CIV, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) (Singhal, J.) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'" (quoting *Rumsfeld*, 542 U.S. at 439)).

Turning to the merits of the Petition, Petitioner has alleged enough to warrant the issuance of an Order to Show Cause to the Government.  A brief administrative stay and the perfection of the underlying record by the Government will allow for just and expeditious determination of the matter.

Accordingly, upon due consideration, it is **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be

**ADMINISTRATIVELY STAYED** pending the resolution of the Petition.  Respondent Gonzalez **SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the Southern District of Florida during the pendency of these proceedings and until further Order of this Court.

2. Respondent Gonzalez shall **SHOW CAUSE** in writing justifying Petitioner's detention and shall produce a copy of the full record of Petitioner's arrest, detention, removal proceedings (including any orders of the administrative law judge already issued), and any other documents necessary for the resolution of the Petition, **no later than April 9, 2026**. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").  Petitioner may, but is not required to, file a reply to Respondent's response **no later than April 13, 2026**.

3. Counsel for Respondent Gonzalez shall *immediately* notify the Court upon receipt of this Order of the name of the Assistant United States Attorney or other attorney for the Government to whom the case is assigned.

4. The *Clerk* is **DIRECTED** to **DISMISS** Respondents Garrett Ripa, U.S. Immigration and Customs Enforcement, Warden, Broward Transitional Center, and U.S. Department of Homeland Security.

**DONE AND ORDERED** in the Southern District of Florida on April 6, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record

3